**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

|  |  |
|---|---|
| ESLER C. WALKER, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| SUSAN LORRAINE : | CIVIL ACTION NO. |
| FIRESTONE, PAUL W. : | 2:07-CV-0105-RWS |
| O'MALLEY, GERARD : | |
| MUEGERL, BRIAN C. HECK, : | |
| MATTHEW J. ELLIOT, SPIRIT : | |
| OF AMERICA CORPORATION, : | |
| CINDY RALPH, JIM LABEAU, : | |
| AMAZE-N-TOW, LLC, and : | |
| JAMES CHANNING BROWN, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on the following Motions: (i) Defendants Susan Lorraine Firestone and Paul W. O'Malley's Motion to Dismiss [34]; (ii) Defendants Susan Lorraine Firestone and Paul W. O'Malley's Motion for Leave to File Corrected Brief [42]; (iii) Defendants Spirit of America Corporation, Amaze-N-Tow, LLC, and James Channing Brown's

Motion to Dismiss [48]; (iv) Defendants Gerald Muegerl, Cindy Ralph and Jim Labeau's Motion to Dismiss [49]; Defendants Brian C. Heck and Matthew J. Elliot's Motion to Dismiss [50]; Defendants' Motions to Join in, Incorporate, and Adopt Defendant's Response [63, 64]. As an initial matter, Defendants Susan Lorraine Firestone and Paul W. O'Malley's Motion for Leave to File Corrected Brief [42] is **GRANTED**. After reviewing the entire record, the Court enters the following Order.

## Background

Plaintiff Esler C. Walker, Jr., proceeding *pro se*, brought this action on September 14, 2007, alleging multiple claims arising out of Defendants' alleged infringement of U.S. Patent No. 5,584,634, of which Plaintiff claims ownership. Plaintiff filed a Motion for Summary Judgment on November 27, 2007 [4]. By Order entered January 22, 2008 [7], the Court denied without prejudice Plaintiff's Motion for Summary Judgment, after observing that Plaintiff had not served Defendants and the discovery period had not yet commenced. (See Order of Jan. 22, 2008 at 2.) The Court also cautioned Plaintiff that failure to effect service within 120 days of the filing of his Complaint may warrant the dismissal of this action.

2

On January 29, 2008, Plaintiff filed ten executed return-of-service forms, all of which state that service was completed by Plaintiff by U.S. Mail on January 26, 2008. Defendants have since moved to dismiss the instant action.

## Discussion

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed in court. Fed. R. Civ. P. 4(m). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Failure to effect service within 120 days of the filing of the Complaint mandates dismissal of the Complaint. Id. However, the plaintiff may request an extension of time for service of process on the showing of good cause. Id. The plaintiff has the burden of demonstrating the existence of "good cause" justifying an extension of the 120-day service deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). To demonstrate "good

3

cause," the Plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, (3) and the basis for the delay was more than simple inadvertance or mistake. Id.; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991).

Here, there is no question that Plaintiff failed to serve each of the ten Defendants within the 120-day time period proscribed by Rule 4(m). This action was filed on September 14, 2007, and service was attempted by United States Mail, according to Plaintiff's return of service form, on January 26, 2008. Because over 120 days passed between the time Plaintiff filed his Complaint and the time he attempted service on Defendants, Rule 4(m) mandates the dismissal of Plaintiff's Complaint unless Plaintiff is granted an extension of time to serve process based on good cause. Plaintiff has not, however, requested such an extension, despite the Court's notice in its Order of January 22, 2008, of the time requirement contained in Rule 4(m) and of the consequence for failing to comply with its mandate. Thus, this action is subject to dismissal by the Court.

The Court nevertheless considers whether to grant Plaintiff an extension of time to effectuate service on the basis of good cause. Plaintiff has not

4

demonstrated good cause for his failure to serve Defendants within the 120-day time period. Although Plaintiff is proceeding *pro se*, Plaintiff's *pro se* status does not immunize him from application of the Federal Rules of Civil Procedure, and the Court has repeatedly cautioned Plaintiff to review and comply with the Rules. See Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 140 (M.D. Fla. 1993), aff'd 36 F.3d 93 (11th Cir. 1994) (rejecting argument that litigant's *pro se* status and ignorance of the Federal Rules constitutes "good cause" for failing to effect service within Rule 4(m)'s 120-day window); Marozsan v. United States, 849 F. Supp. 617, 648-49 (N.D. Ind. 1994) (stating that "a number of courts have specifically held that a *pro se* litigant's ignorance of the Federal Rules does not establish good cause under Rule [4(m)]").

Absent good cause, a court may also extend the time for service in its discretion. Lau v. Klinger, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999). Although the Court would normally exercise its discretion in this circumstance to grant Plaintiff an extension, several reasons compel this Court to decline to exercise its discretion to grant such an extension.

First, besides being untimely, it appears that Plaintiff has failed to effect the proper manner of service. The Federal Rules do not authorize service by

5

U.S. Mail, see Fed. R. Civ. P. 4(e), and Plaintiff did not request a waiver of service pursuant to Rule 4(d). See Madden v. Cleland, 105 F.R.D. 520 (N.D. Ga. 1985) (holding that service of summons and complaint by certified mail is not permissible method of service if defendants have not waived personal service). Plaintiff could have also effected service by complying with the rules of either the State of Georgia or Indiana,[1] but Plaintiff's manner of service did not meet the requirements of those states either. Georgia law, like the federal rules, requires personal service unless the defendant executes a waiver of personal service. See O.C.G.A. § 9-11-4; Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga.1997) (underlining that "the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service"); Madden v. Cleland, 105 F.R.D. 520,

---

[1] Federal Rule of Civil Procedure 4(e)(1) provides as follows:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Id.

6

523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App.1982) (noting that "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail") (emphasis in original). And although under Indiana law, service of a complaint and summons can generally be made by U.S. Mail with return receipt requested, see Ind. R. Trial P. 4.1, service cannot be accomplished by the plaintiff himself. Rather, "[w]henever service by registered or certified mail or other public means by which a return receipt may be requested is authorized, *the clerk of the court or a governmental agent* under Rule 4.10 shall send the summons and complaint to the person being served at the address supplied upon the summons, or furnished by the person seeking service." Id. (emphasis added). Because Plaintiff mailed the service documents himself, service by U.S. Mail was not proper under the Indiana Rules of Civil Procedure. Accordingly, it appears that Plaintiff's Complaint also is due to be dismissed for lack of proper service of process.

Besides failing to effectuate timely or proper service, Plaintiff's action suffers from at least one additional apparent defect. Plaintiff's Complaint lacks

7

(Rev.8/82)

any allegations concerning where the events at issue in this litigation occurred. Defendants contend that this Court does not have personal jurisdiction because they do not have sufficient contacts with the State of Georgia. Because Plaintiff has left most of Defendants' statements unchallenged,[2] it appears that this action is also due to be dismissed for lack of personal jurisdiction.

For those reasons, the Court is convinced that exercising its discretion to extend the period of time for service of process would be futile. Accordingly,

---

[2] Plaintiff's sole decipherable argument in response to Defendants' numerous Motions to Dismiss is that Defendants have waived their challenges to service of process and personal jurisdiction by entering an appearance in this action. Rule 12 provides that a defendant may preserve the defenses of ineffective service of process and lack of personal jurisdiction, among others, by stating those defenses in his or her first motion or answer, whichever is filed first. See Fed. R. Civ. P. 12(b) & (h). Because Defendants immediately moved to dismiss on these grounds either in pre-answer motions or shortly after filing their answers, their affirmative defenses have not been waived. E.g., Clark v. City of Zebulon, 156 F.R.D. 684, 694 (N.D. Ga.1993) (defendant did not waive defense of insufficiency of service by entering into settlement negotiations, seeking and receiving an extension of time in which to file its answer without reserving the defense, actively participating in discovery after filing its responsive pleadings, or participating in drafting joint statements to be filed with the court pursuant to the Local Rules because the "defendant clearly reserved the defense in its first responsive pleading" and "gave the plaintiff clear notice that the sufficiency of service of process was being contested"); Matthews v. Brookstone Stores, Inc., 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (holding that defendant did not waive its defense of lack of personal jurisdiction through its litigation conduct in delaying four months in bringing motion to dismiss after first raising defense in its answer, where in interim it filed only required documents and discovery responses, initiated no discovery itself, and sought no relief beyond joining in plaintiff's request to extend time for its deposition).

insofar as Defendants move to dismiss this action for failure to effect timely service of process, their Motions are **GRANTED**.

## Conclusion

Insofar as Defendants move to dismiss for failure to effect timely service of process, Defendants Susan Lorraine Firestone and Paul W. O'Malley's Motion to Dismiss [34], Defendants Spirit of America Corporation, Amaze-N-Tow, LLC, and James Channing Brown's Motion to Dismiss [48], Defendants Gerald Muegerl, Cindy Ralph and Jim Labeau's Motion to Dismiss [49] and Defendants Brian C. Heck and Matthew J. Elliot's Motion to Dismiss [50] are **GRANTED**.  Defendants Susan Lorraine Firestone and Paul W. O'Malley's Motion for Leave to File Corrected Brief [42] is **GRANTED**.  Defendants' Motions to Join in, Incorporate, and Adopt Defendant's Response [63, 64] are **DENIED as moot.**  This action is **DISMISSED without prejudice**.

**SO ORDERED** this   11th   day of July, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9